IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1581-12






BRIAN SHAWN GILLEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


WICHITA COUNTY





 Johnson, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N



 I respectfully dissent. The trial judge asked the child questions "of my own" and other
questions selected from questions submitted by the state and the defendant, but the trial judge did
not reveal either how many questions from the judge, the state, and the defense were asked or the
content of such questions.

 As the Court's opinion notes, Texas Rule of Evidence 601(a) provides that children are
incompetent to testify if "after being examined by the court, [they] appear not to possess sufficient
intellect to relate transactions with respect to which they are interrogated." The Court's opinion also
quotes Professors Goode, Welborn, and Sharlot for the proposition that the "party seeking to exclude
the witness from testifying must raise the issue of his competency and shoulders the burden of
establishing incompetency." (1) But just how does the party seeking to exclude the witness do that if
that party is not permitted to question the child directly or even to witness the questioning of the
child by another person, whether judge, prosecutor, or child-protection counselor? We cannot
constitutionally use, as a standard, a task that cannot be performed.

 The Court's opinion speculates that trial counsel "might have been able to prevent the child-witness's testimony altogether by promulgating supplemental questions designed to expose the child-witness's cognitive or truth-telling limitation, or suggesting deficiencies in the trial court's own
examination of the child-witness." (Emphasis added.) Again, just how does the party seeking to
exclude the witness do that if that party is not permitted to question the child or even to witness the
questioning of the child by another person, whether judge, prosecutor, or child-protection counselor? 
Counsel will not know what questions were asked and therefore cannot know what "supplemental"
questions to promulgate. How can counsel suggest deficiencies in the trial court's examination of
the child when counsel has not been permitted to see and hear the questions and the responses? 
Body language, tone, and inflection can, and frequently do, drastically change the tenor and import
of a question, yet counsel was denied the opportunity to observe body language, tone, and inflection,
and these things are not discernible from a cold, written record. Young children may not yet
understand such things, but adults, especially adults who are parents, generally do and can also
recognize questions that are ambiguous or too complicated for a young child to decipher. Again, we
cannot constitutionally use, as a standard, a task that cannot be performed.

 The Court's opinion also states that the defense counsel did not attempt to obtain the court
reporter's transcription of the trial judge's interrogation of the child and suggests that "it was
apparently readily available to him . . .." Yet I find no indication in the Court's opinion of when the
trial commenced in relation to the trial judge's interrogation of the child. If the trial commenced
shortly or immediately after that interrogation, the transcription would not have been "readily
available to him." Given that transcription may take a significant period of time, depending, inter
alia, on the length of the record, the practice and availability of the court reporter, and the size of the
defendant's wallet, even if a continuance had been requested and granted, the transcription may not
have been "readily available." And how likely is it that a transcript would have been an effective
tool for cross-examination of the child? And, as I have already noted, important information about
body language, tone, and inflection-of both child and judge-during the interrogation of the child are
not discernible from a cold, written record-the transcription of the court reporter's notes. Even if
counsel could demonstrate inconsistencies in the child's testimony, her presence on the witness stand
indicates that she has been found to be a competent witness. The reality of trial for sexual assault
of a child is that, unless the child testifies at trial to events that are physically or temporally
impossible, juries tend to believe the child, and the defendant will be convicted. If counsel attempts
to ask questions of the sort that the trial judge asked, the state may object on the basis of relevance
to the only question at hand: the defendant's guilt or innocence, not the competence of the witness. 

 Finally, the reliance of the Court's opinion on Kentucky v. Stincer, 482 U.S. 730 (1987), is
misplaced because, contrary to the facts in this case, Stincer's attorney was present during the trial
court's examination of the witnesses and was permitted to question the prospective witnesses; only
the defendant was excluded.

 After a jury was sworn, but before the presentation of evidence, the court conducted
an in-chambers hearing to determine if the two young girls were competent to testify.
Over his objection, respondent, but not his counsel (a public defender), was excluded
from this hearing. The two children were examined separately and the judge, the
prosecutor, and respondent's counsel asked questions of each girl to determine if she
were capable of remembering basic facts and of distinguishing between telling the
truth and telling a lie. . . . T. G., the 8-year-old, was asked her age, her date of birth,
the name of her school, the names of her teachers, and the name of her Sunday 
school. She was also asked whether she knew what it meant to tell the truth, and
whether she could keep a promise to God to tell the truth. . . . N. G., the 7-year-old
girl, was asked similar questions. . . . The two children were not asked about the
substance of the testimony they were to give at trial. The court ruled that the girls
were competent to testify. Respondent's counsel did not object to these rulings.


Id. at 732-33, footnotes and citations omitted.

 I would hold that examination by the trial court to determine the competence of the witness
to testify is a "critical stage." The issue in such an examination is whether any evidence offered by
that witness would be properly before the finder of fact. This is similar to the issue at a hearing on
a motion to suppress evidence: is the proffered evidence properly before the finder of fact? 
Certainly, a hearing on a motion to suppress is a critical stage because it has a direct relationship
with the trial. As the United States Supreme Court stated in Stincer, "Moreover, although questions
regarding the guilt or innocence of the defendant usually are not asked at a competency hearing, the
hearing retains a direct relationship with the trial because it determines whether a key witness will
testify." Id. at 740. Because a determination of whether a child is competent to testify clearly has
a direct relationship with the trial, it, too, is a critical stage, and appellant was entitled to
representation by counsel.

 I dissent.


Filed: January 15, 2014

Publish
1. Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 1 Texas Practice: Guide to the Texas
Rules of Evidence §601.2, at 643 (3d ed. 2002) (citations omitted).